AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
для
SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED
MAY 1 8 2020
David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. V-20-48M |
| Carlos GOMEZ | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __05/16/2020__ in the county of __Victoria__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 USC 841 | Possession with Intent to Distribute a Controlled Substance |
| Title 21 USC 846 | Conspiracy with Intent to Distribute a Controlled Substance more than 500 grams of Methamphetamine |

This criminal complaint is based on these facts:

See Attached Affidavit

☐ Continued on the attached sheet.

_____
Complainant's signature

Alfred Santiago HSI TFO
Printed name and title

Submitted by reliable electronic means, sworn to, signature attested telephonically per Fed.R.Crim.P.4.1 and probable cause found:

Date: 05/18/2020

_____
Judge's signature

City and state: Corpus Christi, TX

Jason B. Libby U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Alfred Santiago, being truly sworn and deposed state,

I am a Task Force Officer (TFO) assigned to the U.S. Department of Homeland Security, Homeland Security Investigations (HSI) Victoria Office, Victoria, Texas. My primary duties with HSI involve the investigation of violations of Title 18 and Title 31 of the United States Code (U.S.C.). I have participated in investigations involving drug trafficking, money laundering, organized crime, and other State and Federal criminal acts. I have experience in conducting surveillance, analyzing telephone records, witness interviews, conducting undercover investigations, executing search and arrest warrants, and other investigative practices and procedures. The investigations in which I participated resulted in the arrest, prosecution, and conviction of criminal offenders who violated narcotics and money laundering statues as well as other criminal offenses.

This affidavit is based on evidence and information uncovered during the course of a criminal investigation conducted by the affiant and other law enforcement officers. This affidavit does not set forth all my knowledge in this matter but is intended to show there is probable cause to believe Carlos GOMEZ is in violation of Possession with Intent to Distribute a Controlled Substance as defined in Title 21 U.S.C. 841 and Conspiracy to Possess with Intent to Distribute a Controlled Substance more than 500 grams of Methamphetamine as defined in Title 21 U.S.C. 846.

## FACTS AND CIRCUMSTANCES
## OF THE PREDICATING INVESTIGATION

On Saturday May 16, 2020, Corporal Andy Carrizales with the Victoria County Sheriff's Office was on routine patrol on U.S. Highway 59 North, Victoria County, Texas, when he observed a black Chevy Malibu bearing Texas license plate JRM-7406 traveling northbound in the left lane while not passing another vehicle, a violation of Chapter 545 of the Texas Transportation Code, and No Window Tint Label, a violation of Chapter 547 of the Texas Transportation Code.

1

The driver, and sole occupant of the vehicle was contacted and identified through a Texas Driver License as Carlos GOMEZ. During the roadside interview, Corporal Carrizales observed that GOMEZ was acting nervous and his travel plans appeared to be fictitious. Based on his training and experience, Corporal Carrizales determined, through reasonable suspicion that GOMEZ may be involved in an unlawful activity. As such, Corporal Carrizales asked GOMEZ for consent to search the vehicle for illegal contraband. GOMEZ gave consent to have his vehicle searched.

During a search of the vehicle's trunk, Corporal Carrizales discovered three (3) large plastic containers labeled as "AutoZone Degreaser." Corporal Carrizales applied a probe into one of the containers and observed the liquid substance on the probe crystalize when it was exposed to the air. Based on training and experience, Corporal Carrizales suspected the substance to be liquid methamphetamine. Corporal Carrizales next used a NARTEC Methamphetamine Detection Kit to further test the substance. The field test yielded positive results for the presence of methamphetamine. GOMEZ was placed under arrest for Manufacture Delivery of a Controlled Substance and transported the Victoria County Sheriff's Office.

The suspected liquid methamphetamine was tested a second time utilizing dried crystals from the liquid substance and a computerized laser field test. The second test also provided positive readings for the presence of methamphetamine. In addition, Corporal Carrizales deployed his certified narcotics detection K9 on the containers. The K9 indicated a positive response to the odor of narcotics emitting from the containers.

Each container with liquid methamphetamine was individually weighed with container one (1) weighing 61.7 pounds, container two (2) weighing 60.7 pounds, and container three (3) weighing 60.8 pounds. The gross combined weight of the three containers was recorded as one-hundred and eighty-three (183) gross pounds

## DEFENDANT DEBRIEF

Investigators from Homeland Security Investigation-Victoria (HSI-Victoria) met with GOMEZ at the Victoria County Sheriff's Office for a post arrest debrief. Investigators informed GOMEZ of his Miranda Warning by utilizing the U.S. Immigrations and Customs Enforcement Statement of Rights form which was read to him verbatim. GOMEZ acknowledged he understood his rights and would voluntarily waive them and answer questions. GOMEZ signed the U.S. Immigrations and Customs Enforcement Statement of Rights form thereby knowingly, intelligently, and voluntarily waiving his Miranda Rights.

GOMEZ admitted he was aware he was transporting methamphetamine in the containers. GOMEZ added that an unindicted co-conspirator from Reynosa, Mexico that has a car dealership in Houston, paid him to transport the liquid methamphetamine from Mexico to Houston.

According to GOMEZ, three times within the last three weeks he traveled to Mexico and picked up similar size degreaser containers (as those seized in this investigation) of liquid methamphetamine and transported it to a home in Hidalgo, Texas where he stashed it until the weekend. During the weekend, GOMEZ retrieved the containers of liquid methamphetamine and traveled to Houston to deliver it.

During his travels, GOMEZ called the unindicted co-conspirator upon crossing the Falfurrias Border Patrol Checkpoint to let him know he crossed safely. GOMEZ called the unindicted co-conspirator again when he got closer to Houston. The unindicted co-conspirator gave GOMEZ the address in Houston where he was to deliver the containers of liquid methamphetamine. GOMEZ went to the locations and met with unknown persons and gave them the containers of liquid methamphetamine. GOMEZ informed investigators that in his cell phones are the name and contact information for the unindicted co-conspirator with a record of incoming/outgoing calls to/from the unindicted co-conspirator.

On the first trip to Houston, GOMEZ transported two (2) similar size degreaser

containers to Houston for which he was paid $800. GOMEZ was not aware he was transporting drugs to Houston but became suspicious by the amount he was paid.

On the second trip to Houston, GOMEZ transported one (1) similar size degreaser container to Houston for which he was paid $600.00 During this trip, GOMEZ removed some of the liquid from the container and observe it crystalize when it was exposed to the air thereby realizing it was not a degreaser. GOMEZ later asked the unindicted co-conspirator about the liquid to which GOMEZ was informed it was a liquid used to grow marijuana. However, GOMEZ suspected it was possibly cocaine or another form of illegal narcotic. Nonetheless, GOMEZ agreed to the third trip because he needed money to build a house.

GOMEZ agreed to a third trip for which he was to be paid $1,000 for transporting three similar size containers to Houston. However, GOMEZ was stopped and arrested in Victoria County.

## SUMMARY

Your affiant believes, based on the information provided to law enforcement by GOMEZ, as well as information and evidence gathered through independent investigation, that Carlos GOMEZ is in violation of Title 21 U.S.C. 841 and Title 21 U.S.C. 846. These violations involved more than 500 grams of methamphetamines, a schedule 1 controlled substance.

Alfred Santiago
TFO, Homeland Security Investigations

*Alfred Santiago* (signature)

Submitted by reliable electronic means, sworn to, signature attested telephonically per Fed.R.Crim..P.4.1, and probable cause found, on this 18 day of May, 2020.

Jason B. Libby
UNITED STATES MAGISTRATE JUDGE

4